DENNETT *vs.* KNEELAND, *in certiorari.*

Prosecutions under the bastardy-act of 1821 *ch.* 72, are not local.

It is essential, to a prosecution under *Stat.* 1821, *ch.* 72, that the mother of an illegitimate child accuse the putative father during her travail, and before delivery.

But it is not essential that this fact be alleged in her complaint, since this may be made before the event has happened.

THE record in this case, which was a prosecution under the bastardy-act, being brought up by *certiorari*, *Dana* and *Fessenden*, for *Dennett*, the putative father of the child, moved that it might be quashed ; *first*, because the prosecutrix had not alleged, in her complaint, that she accused the respondent in the time of her travail ; *secondly*, because, though it appeared that the child was begotten and born in the county of *Cumberland*, yet the prosecution was instituted in the county of *Oxford*, where only the mother resided ; and *thirdly*, because the prosecutrix was admitted as a witness, when it appeared that she did not accuse the respondent as the father of the child till a short time after it was born, though before the pain and peril of her situation were over.

*D. Goodenow*, for the prosecutrix, replied to the *first* objection, that no such allegation was necessary, she not being a competent witness to prove that fact. To the *second*, he cited *Commonwealth v. Cole*, 5 *Mass.* 517 ; to show that the prosecution was not local, not being so made by statute.

To the *third* objection he argued that the mother was a competent witness, upon the principles of the common law, from the necessity of the case. The sound rule on this point is laid down by chief Baron *Gilbert*, that where a statute cannot be executed without admitting the party as a witness, there, of necessity, he must be admitted. *Gilb. Ev.* 114 ; 1 *Phil. Ev.* 96 ; *Rex v. Johnson*, *Willes* 425 *note c* ; *Rex v. Carpenter*, 2 *Show.* 47. On the same principle the plaintiff was admitted in *Herman v. Drinkwater*, 1 *Greenl.* 27.

But if any accusation by the mother is necessary, here was all, in this case, which the statute can reasonably require. It must receive such a construction as will not defeat its beneficial intent. The time of travail, must therefore be taken to include the whole period of pain and danger, as well after as before the birth of the child ; otherwise, its wholesome provisions will be of no avail in all casses of accident, terror, forgetfulness of the attendants, or sudden and unexpected parturition.

WESTON J. delivered the opinion of the Court, at the ensuing term in *Lincoln.*

It is objected that the complainant has not alleged in her complaint, that she accused the party charged in the time of her travail. This cannot be regarded as essential, inasmuch as the complaint may be made, and the party held to answer, before delivery.

In *Commonwealth v. Cole,* 5 *Mass.* 118, *Parsons C. J.* says that these prosecutions have usually been brought in the county where the child is born ; and that they may generally be there tried, with most convenience. But he adds, that the statute has not made them local, and that there has been no decision upon this point. If neither the statute, nor any judicial construction, which can be adverted to, has limited a complaint of this sort to the county where the complainant is delivered, we are not satisfied tha the objection taken on this ground can be sustained.

But we are all of opinion, as she did not accuse the respondent with being the father of the child, in the time of her travail, before delivery, that this is a defect fatal to her prosecution. After delivery, and before the removal of the after-birth, the mother may, and doubtless does, suffer much pain ; and the solemnity of the crisis, and a consciousness of danger, may continue to affect her mind and conscience ; although probably with less force, from renewed hopes, and apprehensions somewhat allayed. And the statute has made her a competent witness only if she accuse in the time of her travail, and before delivery. The statute of Massachusetts upon this subject, which is similar to our own, has there received a judicial con-

struction, to this effect, since the separation. *Bacon v. Harrington,* 5 *Pick.* 63.

It is however insisted that, independent of the statute, she is a competent witness from the necessity of the case. If the statute had authorized the complaint, without prescribing conditions, or the mode of proof, there would be weight in this argument. The necessity of receiving her as a witness, would be as strong as that under which the plaintiff is allowed to testify in England, in prosecutions under the statute of *Winton;* and under the statute made to prevent bribery at elections. But the right to prosecute is derived altogether from the statute, and the accusation in question is there made an essential preliminary to the adjudication, that the party charged is the putative father.

*Proceedings quashed.*